## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| CLARK MCCARTHY HOSPITAL PARTNERS II, JOINT VENTURE | § § § | |
| *Interpleader-Plaintiff* | § | |
| v. | § § | CIVIL ACTION NO.:_____ |
| M. COHEN AND SONS, INC.; PLATTE RIVER INSURANCE COMPANY | § § § § | |
| *Interpleader-Defendant.* | § | |

## CLARK MCCARTHY HOSPITAL PARTNERS II'S COMPLAINT FOR (1) INTERPLEADER AND (2) DECLARATORY RELIEF

## INTRODUCTION

According to 28 U.S.C.A. §1335, Clark McCarthy Hospital Partners II ("CMHP") brings this interpleader action to obtain an adjudication of the respective rights of multiple claimants to a certain amount of money, referred to herein as the Payment Fund (defined below), which has been allocated to CMHP in connection with payment for work performed. The Payment Fund amount is $389,869.18.

The first of two claimant/interpleader-defendants is M. Cohen and Sons, Inc. ("Cohen"), which claims entitlement to the Payment Fund based on the terms of a subcontract agreement with CMHP ("Cohen Subcontract"). A true copy of the Cohen Subcontract is attached hereto as Exhibit A and incorporated herein by reference.

The second claimant/interpleader-defendant is Platte River Insurance Company ("Platte River"), which claims entitlement to the Payment Fund as surety to Cohen and an assignee under the terms of a General Indemnity Agreement with Cohen ("GIA"), and based on other legal theories. A true and correct copy of the GIA is attached hereto as Exhibit B and incorporated herein by reference.

Cohen and Platte River are collectively referred to herein as the Interpleader-Defendants.

CMHP is prepared to place in the Court Registry, or otherwise turnover, upon order of the Court, the entire Payment Fund. CMHP faces competing claims to the Payment Fund by the Interpleader-Defendants and cannot determine, without hazard to itself, how to proceed.

## THE PARTIES

1.     Interpleader-Plaintiff CMHP is a joint venture between is McCarthy Building Companies, Inc., a Missouri Corporation having its principal place of business in Missouri, and Clark Construction Group, LLC, a limited liability company, chartered in Maryland, with its principal place of business in Maryland. CMHP is authorized to do work and is doing work in the state of Texas.

2.     Upon information and belief, Interpleader-Defendant Cohen is a Pennsylvania corporation, with its principal place of business at 400 Reed Road,

Broomall, Pennsylvania, 19008. Cohen is doing business in the state of Texas and may be served with process by serving its registered agent, Neal Randy Cohen at 8718 Westpark Dr., Houston, Texas, or its President, Allen Cohen at 400 Reed Rd., Broomall, PA, 19008, or the Texas Secretary of State:

**Certified or Regular Mail:**
Service of Process
Secretary of State
P.O. Box 12079
Austin, Texas 78711-2079

**Delivery or Overnight Mail:**
Service of Process
Secretary of State
James E. Rudder Building
1019 Brazos, Room 105
Austin, Texas 78701

**3.**     Upon information and belief, Interpleader-Defendant Platte River is a Nebraska corporation organized, with its principal place of business at 115 Glastonbury Blvd., Suite 5, Glastonbury, Connecticut, 06033. Platte River is doing business in the state of Texas and may be served with process by serving its registered agent, Corporation Service Company at 211 E. 7th St., Ste. 620, Austin, Texas, 7870-3218.

## JURISDICTION AND VENUE

4.     The Court has original jurisdiction over this interpleader under 28 U.S.C.A. §1335(a) because two adverse claimants of diverse citizenship, as defined

_____

by 28 U.S.C.A. §1332(a), are claiming to be entitled to money valued at $500 or more in the custody of CMHP. The parties who are claiming the money are Cohen and Platte River.

5.     The Court also has jurisdiction over this matter pursuant to 28 U.S.C.A. §1332(a) because there is diversity of citizenship between the parties. At issue are specific funds in excess of $75,000.

6.     CMHP will be depositing the funds with the Court pursuant to Title 28 of the U.S.C. and Federal Rule of Civil Procedure 67.

7.     Venue is proper in this Court pursuant to 28 U.S.C.A. §1391(b)(2) because all or a substantial part of the events giving rise to the claims asserted herein occurred in this judicial district.

8.     Venue is also proper in this Court pursuant to 28 U.S.C.A. §1397 because one or more of the Interpleader-Defendants resides in the Court's district. Residency for the purpose of §1397 is established under 28 U.S.C.A. §1391(c)(2) when the Court has personal jurisdiction over the civil action before the Court. As established above, the Court has personal jurisdiction over the Interpleader-Defendants.

## **PROPERTY**

9.     The property subject to this interpleader involves a payment in the

_____

amount of Three Hundred Eighty Nine Thousand Eight Hundred Sixty Nine and 18/100 Dollars ($389,869.18) ("Payment Fund") to be made to CMHP for Cohen's work, which in turn is payable by CMHP to Cohen according to the Cohen Subcontract and under the federal Prompt Pay Act. The Payment Fund will constitute the final payment to be made by CMHP to Cohen under the Cohen Subcontract.

## RELEVANT FACTUAL BACKGROUND

10.    On or about January 29, 2013, CMHP entered a contract with the U.S. Army Corps of Engineers ("USACE") to replace a Fort Bliss Army Facility in El Paso, Texas ("Project"). CMHP was to construct a state-of-the-art medical facility and hospital over one million square feet in size and consisting of several structures on about 260 acres.

11.    CMHP and Cohen entered into the Cohen Subcontract in October 2013, whereby Cohen agreed to furnish all labor, materials, equipment, and services for the Project's structural bolted glazing.

12.    As part of its obligation under the Cohen Subcontract, Cohen agreed to furnish performance and payment bonds associated with its obligations under the Cohen Subcontract.

13.    The bonds were issued by Cohen, as principal, and Platte River, as

_____

surety, for the benefit of CMHP.

14.     Upon information and belief, Cohen and Platte River are parties to the GIA, whereby Platte River agreed to furnish bonds for Cohen's benefit, based on certain terms and conditions. The GIA contains an assignment by Cohen to Platte River of certain rights and interests in proceeds, among other things.

15.     Cohen completed its work under the Cohen Subcontract and will be entitled to the Payment Fund based on the terms of the Cohen Subcontract.

16.     Upon Cohen completing its work, CMHP notified Cohen and Platte River of certain documents needed from Cohen in order to receive the Payment Fund.

17.     At that time, Platte River sent a letter to CMHP asserting a right to receive the entire Payment Fund, directly. Platte River contends that it is entitled to receive the Payment Fund based on the assignment in the GIA and other legal theories. A copy of the letter asserting Platte River's right to the Payment Fund is attached hereto as Exhibit C.

18.     At CMHP's request, Platte River furnished to CMHP a copy of the GIA.

19.     CMHP sent a letter to Cohen and Platte River noting the adverse and conflicting claims to the Payment Fund and told them that unless they received

_____

direction from both parties agreeing to how the Payment Fund should be distributed, CMHP would have to file an action for interpleader and pay the Payment Fund into the registry of the court. A copy of the letter from CMHP is attached hereto and incorporated herein by reference as Exhibit D.

20.  CMHP did not receive agreed upon direction from Cohen and Platte River as to how the Payment Fund should be distributed.

## INTERPLEADER

21.  CMHP incorporates by reference the allegations contained in Paragraphs 1 through 20, as though set forth fully herein.

22.  CMHP holds in its possession the Payment Fund. It desires to interplead this amount, less the offsets to which it is entitled.

23.  CHMP has a good faith fear of duplicate, conflicting liability because of the adverse claims being made to the Payment Fund.

24.  Cohen asserts that it is entitled to the entire amount of the Payment Fund, including a direct right of action against CMHP under the Cohen Subcontract. But if CMHP pays Cohen the Payment Fund, then CMHP risks a claim by Platte River that the Payment Fund is to be paid to Platte River as an assignee, according to the GIA.

25.  Platte River asserts that it is entitled to the entire amount of the Payment

_____

Fund as an assignee, according to the GIA. But if CMHP pays Platte River the Payment Fund, then CMHP risks a claim by Cohen under the Cohen Subcontract.

26.    CMHP cannot determine the validity of the foregoing adverse and competing claims. As a result of these claims, CMHP has a real and reasonable fear of duplicate liability if it delivers the Payment Fund to any of the Interpleader-Defendants; and CMHP is unable to act with respect to the Payment Fund without the possibility of being subject to duplicate, adverse claims and thereby multiple liability.

27.    CMHP is free from blame in causing the controversy between the Interpleader-Defendants with respect to the Payment Fund.

28.    Accordingly, CMHP respectfully requests the Court order Cohen and Platte River to interplead their conflicting claims, in order to determine those claims as between them. Additionally, CMHP respectfully requests the Court order CMHP to deposit the Payment Fund into the Court Registry.

## PRAYER FOR RELIEF

WHEREFORE, CMHP prays for judgment as follows:

1.    That the Court order the Interpleader-Defendants to interplead their respective claims with regard to the Payment Fund;

2.    That the Court hold a hearing to determine if CMHP has met the

_____

requirements of presenting this interpleader action to the Court;

3.      That the Court, upon hearing of this interpleader, issue an injunction prohibiting Interpleader-Defendants from instituting or prosecuting any proceeding affecting the Payment Fund;

4.      That the Court, upon hearing of this interpleader, grant CMHP leave to deposit the Payment Fund into the Court Registry and order and direct CMHP to deposit the Payment Fund into the Court Registry;

5.      That upon payment of the Payment Fund into the Court Registry, that CMHP be discharged and released from liability to Cohen and Platte River to the extent allowed by law;

6.      That the Court issue an order determining to whom the Payment Fund belongs;

7.      That the Court grant CMHP its costs and appropriate fees for initiating this action; and

8.      That the Court grant such other and further relief as it deems appropriate.

Dated:  June 30, 2020.

_____

Respectfully submitted,

*/s/ Daniel H. Hernandez*
Daniel H. Hernandez
State Bar No.  09515685
RAY | PENA | McCHRISTIAN, P.C.
A Professional Corporation
5822 Cromo Drive
El Paso, Texas  79912
(915) 832-7230 Telephone
(915) 832-7333 *Facsimile*
dhernandez@raylaw.com

/s/ George C. Baldwin
George C. Baldwin (TX SBN 01625020)
JD Holzheauser (TX SBN 24081563)
Peckar & Abramson, P.C.
111 Congress Avenue, Suite 1010
Austin, Texas 787101
(512) 275-1786; Fax (512) 236-0682
gbaldwin@pecklaw.com
jdholzheauser@pecklaw.com

/s/ Eric L. Nelson
Eric L. Nelson (GA SBN 537850 – admitted
to the United States District Court, Western
District of Texas)
245 Peachtree Center Ave., NE
2700 Marquis One Tower
Atlanta, Georgia 30303
(404) 582-8601; Fax (404) 688-0671
elnelson@smithcurrie.com

Attorneys for Interpleader-Plaintiff, CLARK
MCCARTHY HOSPITAL PARTNERS II